**STARLIGHT SUPPLY COMPANY, Inc.,**
Appellant,

v.

**Gerald A. FERIS dba Feris Electric et al.,**
Appellees.

No. 11783.

Court of Civil Appeals of Texas,
Austin.

Dec. 9, 1970.

T. O. Dillard, Austin, for appellant.

Gilbert Prud'homme, Austin, for appellees.

PHILLIPS, Chief Justice.

This suit was brought by Appellant, Starlight Supply Company, Inc. against Gerald A. Feris, dba Feris Electric, and Appellee, Cecil Slayton, as a suit on a sworn account to recover the sum of $428.-68 for various electrical and lighting fixtures which Appellant sold to Feris. Appellant joined Appellee Slayton in the suit. Feris was the electrical contractor and Slayton was the owner of the home in which these fixtures were installed.

Appellee Slayton filed an answer but no answer was filed by Feris. Appellee Slayton's answer consisted of a general denial and a special sworn denial to the effect that he was not a party to the transaction upon which the suit was based, such transaction being only between Appellant and Feris.

At the trial judgment was entered for Appellant against Feris for the amount sued for plus attorney's fees. Appellee Slayton, however, announced ready for trial, and after trial to the Court, judgment was rendered in his favor.

It is from this judgment that Appellant has perfected his appeal to this Court.

We affirm this judgment.

Appellant is before us on a single point of error to the effect that the court erred in failing to render judgment for Appellant on Appellant's sworn petition since Appellee's answer contained an inadequate and improper sworn denial, citing Rule 185, Texas Rules of Civil Procedure.

We overrule this point.

Under the facts before us, it was not necessary that Appellee's denial be sworn to in conformity with Rule 185. Appellee was a stranger to Appellant's transaction with Feris. As Appellant pleaded, the goods were sold to and delivered to Feris. The bill attached to Appellant's petition is between Appellant and Feris. The rule which makes a verfied account prima facie evidence unless a written denial under oath in conformity with Rule 185 is filed does not apply to or cover transactions between third parties who were strangers to the transaction. Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ. App., Corpus Christi, 1968, writ ref'd n. r. e.). Also see this Court's opinion in Nichols v. Acers Company, 415 S.W.2d 683 (Tex.Civ.App., 1967, writ ref'd n. r. e.).

It matters not that Appellant has pleaded that Appellee owes the account. As stated in *Copeland,* above, where an obligation alleged in the pleading does not conform to the writing exhibited as a basis thereof, the document rather than the pleading controls.

The judgment of the trial court is affirmed.

Affirmed.