Leo V. SMITH, Appellant,

v.

WEST TEXAS HOSPITAL, INC., Appellee.

No. 8301.

Court of Civil Appeals of Texas,
Amarillo.

Oct. 24, 1972.

Rehearing Denied Nov. 20, 1972.

La Font, Tunnell, Formby, La Font & Hamilton (Marvin F. Marshall), Plainview, for appellant.

Bass & Hobbs (Roy Bass), Lubbock, for appellee.

REYNOLDS, Justice.

Liability on a sworn account of hospital charges made for the treatment of an injured workman was summarily adjudged against the workman's employer, who had executed the hospital's admitting contract agreeing to pay all charges. Reversed and remanded.

Felix Arroyo, a farm laborer, was admitted to the hospital operated in Lubbock by West Texas Hospital, Inc., appellee, for treatment of injuries suffered while working for appellant Leo V. Smith. At or shortly after the time of admission, Smith signed an instrument, appearing on the reverse of the ledger sheet prepared for Arroyo, reading as follows:

## ADMITTING CONTRACT

On demand and in any event before the above named patient leaves the WEST TEXAS HOSPITAL, I, WE, or EITHER of us promise to pay the said WEST TEXAS HOSPITAL, at LUBBOCK, TEXAS, all charges pertaining to the above named patient, including the DOCTOR'S FEES with 10% interest from maturity until paid if said account should be placed in the hands of an attorney or collector for collection, I agree to pay a 10% collection fee in addition to the principal and interest.

The patient, Arroyo, did not sign the document. Thereafter, the hospital furnished its medical services, supplies and medications to Arroyo in the treatment of his injuries. Charges made for each item of treatment were entered in the ledger prepared for Arroyo.

When the charges made for Arroyo's treatment had totaled the sum of $6,837.71 and no payment had been made, the hospital filed suit against Smith, seeking to hold him liable under the admitting contract for the amount of Arroyo's account, which was verified as provided by Rule 185, Texas Rules of Civil Procedure, and for interest and the collection fee. Following Smith's answer in the form of a general denial, the hospital moved for summary judgment, stating that the motion was supported by the attached affidavit of the hospital administrator and Smith's answers to written interrogatories that were on file. Also on file were the depositions of Smith, the hospital administrator and the admitting clerk. At this stage of the proceedings, the summary judgment evidence was that Smith had executed the admitting contract, that he had not paid any sum on the account, and that he had no knowledge as to the correctness of the account. Smith never denied the justness of the account, or any part thereof, under oath.

Prior to the date set for hearing the motion, Smith filed an amended answer in which it was alleged that Smith was being sued as a surety and exception was taken to the hospital's petition for not including Arroyo, the alleged principal obligor and necessary party. In addition to a general denial, this answer contained allegations in the nature of affirmative defenses. The same document included what Smith designated as a cross-action, counterclaim and third party complaint, naming the hospital, Texas Farm Bureau Insurance Company and two of its employees, as cross-defendants. Although Smith did not directly allege that Farm Bureau had issued to him a policy of insurance covering the claim which the hospital was asserting against him, Smith's cross-action, in essence, alleged liability on the part of Farm Bureau

arising from its purported acknowledgment of liability and a payment made to the hospital for credit to the account. The prayer was for recovery from all cross-defendants of the amount of the hospital's claim made against Smith, and for indemnity and contribution from the cross-defendants for whatever sums Smith shall be held liable to the hospital. Smith also filed his affidavit in opposition to the motion for summary judgment.

On the day set for hearing the motion for summary judgment, the trial court overruled the special exception and entered its order severing the hospital's suit against Smith from Smith's cross-action, counterclaim and third party complaint. The court then granted the hospital's summary judgment motion and entered summary judgment against Smith. The judgment was for $6,837.71, with 10% annual interest thereon from the date Arroyo was discharged from the hospital, and for attorney fees in the sum of $752.15, recited to be 10% of the principal and accrued interest, but provided for a credit thereon of $871.24, the amount credited to the account from Farm Bureau's payment made to the hospital after the suit was filed. Smith has appealed, assigning thirteen points of error, the first of which is that the summary judgment is erroneous because there is an existent genuine issue of material fact.

■ To be entitled to summary judgment, the hospital must have demonstrated by the summary judgment proof that as a matter of law there is no genuine issue of fact as to one or more of the essential elements of its cause of action. One of the essential elements was that Smith was indebted to the hospital in a sum certain that was due and unpaid. In this connection, the hospital presented only its sworn account of charges made for the treatment of Arroyo. Smith was not a party to the transactions between the hospital and Arroyo that resulted in the charges contained in the sworn account; therefore, as to Smith, the account (1) was not required to be denied under oath, (2) cannot be proved by

affidavit made on behalf of the hospital, (3) is hearsay, and (4) inadmissible in evidence against him. Hearsay, although admitted without objection, is incompetent to establish any fact and can never form the basis of a summary judgment or any judgment of the court. Sampson v. APCO Oil Corporation, 476 S.W.2d 430 (Tex.Civ. App.—Amarillo 1972, no writ), and cases cited therein. Since the summary judgment proof fails to establish the absence of a genuine issue of fact as to the account that is essential to the cause of action, the hospital has failed to discharge its burden to demonstrate its entitlement to summary judgment. The first point of error is sustained, the summary judgment reversed, and the cause remanded to the trial court for further proceedings.

■ In view of the remand, it is appropriate to notice two other issues material to this cause. One issue is Smith's contention that, since his liability under the admitting contract is that of surety for an obligation of Arroyo, the hospital is required to join Arroyo in the suit in compliance with Rule 31, T.R.C.P. That rule does provide that no surety shall be sued unless his principal is joined, except in certain circumstances not shown to exist by this record. However, to afford Smith the relief he seeks in this respect, the burden to properly plead the rights of a surety and to bring Arroyo into the suit is upon Smith, and not upon the hospital. Reed v. Buck, 370 S.W.2d 867 (Tex.Sup.1963).

■■ The other issue is Smith's assertion that the trial court erred in entering the order of severance. The severance was granted in light of the pleadings as they were then cast. Our Rules of Civil Procedure govern the matters of severance and consolidation of pleaded causes of action and grant the trial court broad latitude with respect thereto. The discretion exercised by the trial court in these matters will not be disturbed except for an abuse of discretion. Inasmuch as it is not possible to forecast what discretionary rulings the trial

court may be called upon to make as a result of the remand or in connection with the pleadings that may be redrafted, the issue of severance or consolidation of any causes of action pleaded must be determined initially by the trial court at the proper time.

The other appeal points are predicated on the summary judgment posture of the case as it reached this court. The circumstances giving rise to these points are not likely to occur again, and it is not necessary to discuss these points.

The summary judgment of the trial court is reversed and the cause is remanded.