Earl HASSLER, Appellant,

v.

TEXAS GYPSUM COMPANY, INC., Appellee.

No. 18597.

Court of Civil Appeals of Texas, Dallas.

June 5, 1975.

**54**

Paul W. Nimmons, Jr., Sewell, Junell & Riggs, Houston, for appellant.

Joseph H. McCracken, III, Dallas, for appellee.

AKIN, Justice.

Texas Gypsum Company, Inc. sued Security Drywall, Inc. and Earl Hassler. individually, on a sworn account under rule 185.[1] The district court entered a default judgment against both defendants jointly and severally. Hassler alone appeals that judgment by writ of error.

We reverse and remand the judgment of the district court as to defendant Hassler for the following reasons: (1) The account attached to the plaintiff's original petition shows that merchandise was sold to the corporate defendant and not to Hassler; (2) the account as attached to plaintiff's original petition failed to identify and itemize materials sold and is, therefore, insufficient to establish a prima facie cause of action under rule 185; and (3) since plaintiff's petition and account failed to comply with rule 185 and the record contains no other evidence, there is no evidence before us to support the trial court's judgment.

### 1. Failure of Plaintiff's Petition and Account to Establish Prima Facie Case Against Hassler

Plaintiff alleges in its petition that Hassler is individually liable on the sworn account to plaintiff. The invoices included in the account attached to the petition, however, reflect that only the corporate defendant Security Drywall, Inc. was a party to the transaction with plaintiff. We hold that where an obligation alleged in the pleading does not conform to the writings attached as the basis thereof, the attached writings rather than the pleading controls. Starlight Supply Co. v. Feris, 462 S.W.2d 608, 609 (Tex.Civ.App.—Austin 1970, no writ); Copeland v. Hunt, 434 S.W.2d 156, 158 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.).

We, therefore, conclude that defendant Hassler was not a party to the open account transaction between plaintiff and Security Drywall, Inc.; hence, Tex.R.Civ.P. 185 does not establish a prima facie case against defendant Hassler. Starlight Supply Co. v. Feris, *supra*; Copeland v. Hunt, *supra*; Sampson v. Abco Oil Corp., 476 S.W.2d 430, 431 (Tex.Civ.App.—Amarillo 1972, no writ); Nichols v. Acers Co., 415 S.W.2d 683, 686 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); Smith v. West Texas Hospital, Inc., 487 S.W.2d 143, 145 (Tex.Civ.App.—Amarillo 1972, no writ).

Here, the invoices and delivery receipts attached to plaintiff's petition specifically state that the materials were sold to

---

1. All references are to the Texas Rules of Civil Procedure.

Security Drywall, Inc. The mere fact that Hassler is a corporate officer of Security Drywall, Inc. does not make him liable for the debts of the corporation. Hassler's signature on three of the six delivery slips indicates only that Hassler verified the deliveries for the corporation on those occasions.

### 2. Insufficient Description of Goods

█ A sworn account under rule 185 must show with reasonble certainty the nature of each item, the date and the charge therefor. Williamsburg Nursing Home, Inc. v. Paramedics, Inc., 460 S.W.2d 168, 169 (Tex.Civ.App.—Houston (1st Dist.) 1970, no writ); Bookstall, Inc. v. John Roberts, Inc., 517 S.W.2d 451, 452 (Tex.Civ.App.—Austin 1974, no writ); Texas Man's Shop, Inc. v. Nunn-Bush Shoe Co., 401 S.W.2d 716, 718 (Tex.Civ.App.—Corpus Christi 1966, no writ); Becker, Smith & Page, Inc. v. Wm. Cameron & Co., 22 S.W.2d 951, 952 (Tex. Civ.App.—Waco 1929, writ dism'd). A typical invoice made a part of plaintiff's verified account under rule 185 describes the merchandise sold as follows:

| Quantity Ordered | Unit | Quantity Shipped | Production Description | Size | Quantity | Weight | Price | Total |
|---|---|---|---|---|---|---|---|---|
| 484 | PSC | 484 | ½ TEMPLE REG TE | 4 x 12 | 23232 | 42956 | 38.00 | 882.82 |

The phraseology "½ TEMPLE REG TE" has no meaning in the English language, and the account contains no explanation of the meaning of this description. It is possible that this language may have some meaning to members of the industry, but there is nothing in this record to indicate such a common understanding.

█ We hold that these invoices attached as part of plaintiff's sworn account failed to show with reasonable clarity the type of goods sold. Consequently, plaintiff failed to meet the requirements of Tex.R.Civ.P. 185. An account insufficient on its face as a verified account under rule 185 will not support a judgment by default as against a direct attack by writ of error. Bookstall, Inc. v. John Roberts, Inc., *supra* ; Williamsburg Nursing Home, Inc. v. Paramedics, Inc., *supra* ; Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58 (1952).

### 3. No Evidence

█ No statement of facts has been filed in this case, and plaintiff concedes that the only evidence offered in the trial court was the sworn account, which, for reasons already stated, we hold to be insufficient to establish a prima facie case against defendant Hassler. Consequently, we cannot presume that the judgment is supported by any other evidence.

█ Our holding is limited to the situation where a plaintiff fails to satisfy the requirements of rule 185. Where plaintiff satisfies all requirements of rule 185, the sworn account is taken as prima facie evidence unless the opposing party files a sworn denial. In such a case, no further evidence is needed to support the judgment.

Reversed and remanded.