Tommy O. DEAN, Individually and d/b/a Quality Construction Company, Appellant,

v.

K–C FUEL COMPANY, Appellee.

No. 12309.

Court of Civil Appeals of Texas, Austin.

June 25, 1975.

Terrence J. Dunigan, Ronald W. Shortes, Lusk & Shortes, Austin, for appellant.

M. Lawrence Wells, Richard E. Kammerman, Kammerman, Yeakel, Hineman & Trickey, Austin (on appeal only), for appellee.

SHANNON, Justice.

Appellant, Tommy O. Dean, individually and doing business as Quality Construction Company, has invoked the jurisdiction of this Court by filing a writ of error to review the entry of a default judgment for $6,126.65 and attorneys' fees by the district court of Travis County in favor of appellee, K–C Fuel Co., Inc.

In its reply brief, appellee joins with appellant in requesting this Court to reverse the judgment of the district court.

We will reverse the judgment for the reason that the accounts attached to the appellee's petition show that the merchandise was sold to Dean-Mus Enterprises, Inc., and not to appellant, Tommy Dean, individually and doing business as Quality Construction Company.

An inspection of appellee's petition shows that appellee alleged that it sold and delivered 21,803 gallons of diesel fuel to Tommy Dean, individually and doing business as Quality Construction Company, on an open account. Appellee pleaded further that it had made numerous demands upon appellant, but that appellant refused to pay to appellee the amount due. The accounts attached to the petition show that the diesel

fuel was sold to "Dean-Mus Enterprises, Inc."

■ Wherein an obligation alleged in the petition does not conform to the accounts attached to the petition, the accounts attached as exhibits to the petition control rather than the allegations in the petition. Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ. App.1968, writ ref'd n. r. e.), Starlight Supply Company v. Feris, 462 S.W.2d 608 (Tex. Civ.App.1970, no writ), Hassler v. Texas Gypsum Company, Inc., 525 S.W.2d 53 (Tex. Civ.App.1975).

■ Upon the face of the record, Tommy Dean, individually and doing business as Quality Construction Company, was not a party to the sale upon open account between appellee and Dean-Mus Enterprises, Inc. As a result, appellee, by complying with Texas Rules of Civil Procedure, rule 185, did not establish a prima facie case against appellant Dean.

The judgment is reversed and the cause is remanded to the district court.