**Inez Merle McDANIEL, Appellant,**

v.

**John D. WALLACE, Jr., et ux., Appellees.**

**No. 09 82 031 CV.**

Court of Appeals of Texas, Beaumont.

Dec. 16, 1982.

James A. DeLee, Port Arthur, for appellant.

Jon B. Burmeister, Nederland, for appellees.

DIES, Chief Justice.

On October 3, 1979, John D. Wallace and wife, as plaintiffs, sued Bob Costilow, Inc., Realtors, and Inez Merle McDaniel, defendants, alleging that in July of that year, plaintiffs entered into a contract with defendants to purchase a house in Jefferson County, Texas. They (plaintiffs) alleged, "At that time Defendants represented to Plaintiffs that the interest rate of the loan on said property was 5½%. Later, however, Defendants notified Plaintiffs that the actual interest rate on the loan on said property was 7%, which would add an additional $2,000.00 over the life of the loan." Plaintiffs alleged two causes of action in their petition.

The first was under the Deceptive Trade Practices-Consumer Protection Act for double damages ($4,000); the second under *Sec. 27.01* of the Texas Business and Commerce Code for $4,000 actual and $10,000 exemplary damages. Attached to their petition was a copy of the assumption of loan (with Republic of Texas) Residential Earnest Money Contract ($500 earnest money); the contract was dated July 5, 1975. It was signed by plaintiffs and the realtor Costilow as "Agent for Seller."

Sometime later (our transcript does not reveal when) the plaintiffs amended their petition to add a request for specific performance of the contract (in Par. VI), "[T]hey have offered and are still able, ready and willing to do and perform each and every obligation required by them by the contract...." Defendant, McDaniels, denied she had any agreement with plaintiffs or that Costilow was authorized by her to enter the contract.

On December 2, 1981, over two years after filing their suit plaintiffs filed a motion for partial summary judgment, asking for specific performance of the contract alleging that Costilow signed the contract as McDaniel's agent. An affidavit of Costilow states, inter alia:

"Back on Apr. 18, 1979, Inez Merle McDaniel, the other Defendant in this lawsuit, employed my Company to sell the West 100 feet.

"Within the three (3) month period provided for by Listing Agreement, a buyer was found ... who is Plaintiff in this lawsuit.... At the time of closing, a question was raised by [Plaintiff] as to whether the interest on the outstanding balance was ... 5½% ... or 7% which is the only reason I am aware of that prevented the sale from being completed."

Affidavit of plaintiff, John D. Wallace, Jr., dated December 2, 1981, states, inter alia:

"However because of a discrepancy in the interest rate, I wanted to determine the exact interest rate before completing the transaction.

"I am *currently* ready, willing and able to pay the Twelve Thousand ... ($12,-000.00) cash that is called for in the Earnest Money Contract as the down payment, and am ready, willing and able to assume the indebtedness at the Republic of Texas." (Emphasis supplied.)

On December 11, 1981, the trial court granted a partial summary judgment ordering defendant McDaniel to convey the property. The cause of action for specific performance was severed from the other causes of action in February. From the order granting the partial summary judgment, the defendant has perfected this appeal on one point of error that the "trial court erred in granting Plaintiff's Motion for Partial Summary Judgment."

To be entitled to summary judgment, the movant has the burden of establishing that no material fact issue exists and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978). Where a party has refused to perform a contract in whole or in part, he is not entitled to specific performance. 52 Tex.Jur.2d *Specific Performance* § 47 at 577 (1964). In *Marshall v. Beason,* 165 S.W. 75 (Tex.Civ. App.—Texarkana 1914, writ ref'd), the purchaser refused to accept a deed sent by grantor to grantor's bank because of alleged title problems. Later in a trial purchaser received specific performance, which was not allowed by the appellate court because of purchaser's conduct. In *Harper v. Fikes,* 336 S.W.2d 631, 635 (Tex.Civ.App.— Austin 1960, writ ref'd n.r.e.), the court [citing *Bell v. Rudd,* 144 Tex. 491, 191 S.W.2d 841 (1946)] held that before a party to a contract would be entitled to a specific performance he must not abandon the contract or refuse to perform in whole or in part. See also, *Young v. Pearland,* 425 S.W.2d 391 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.), and *Walker v. Central Freight Lines, Inc.,* 382 S.W.2d 125 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.), where a jury found that carrier had not at all times been ready, willing and endeavoring to carry out its obligations and had not exercised due diligence to secure approval of Interstate Commerce Commission as provided in the contract and, therefore, not entitled to the equitable remedy of specific performance. In the case at bar, the original suit was one for damages only. Plaintiffs did not move for the partial summary judgment for two years, and then submitted summary judgment proof only that husband was *currently* ready and able to perform the contract. Thus, a fact issue was raised whether at the time contemplated for performance of the contract, plaintiffs were ready, willing and able to perform. We, thus, sustain defendant's point of error, reverse the order of the trial court and remand the case for trial.

REVERSED and REMANDED.