Ricky LEE, Lee Towing, Appellants,

v.

J.R. McCORMICK, d/b/a Dixie Glass Company, Appellee.

No. 09–82–046–CV.

Court of Appeals of Texas, Beaumont.

Jan. 27, 1983.

Jon B. Burmeister, Nederland, for appellants.

Lynwood Sanders, Orange, for appellee.

BROOKSHIRE, Justice.

Ricky Lee and Lee Towing Company, two of the defendants below, appeal from an adverse summary judgment. The plaintiff below, J.R. McCormick, d/b/a Dixie Glass Company, brought suit based on *Rule 185, Tex.R.Civ.P.* (Suit on Sworn Account). A third defendant, Stanley Ardoin, d/b/a Ardoin and Ardoin, has not appealed from an adverse judgment. The record consists of a transcript and briefs of the parties. On appeal, oral argument and submission were waived. The transcript contains pleadings, a docket sheet, motions and affidavits. There are no depositions before us. The summary judgment evidence mainly consists of a verified Motion for Summary Judgment and affidavits.

■ The First Amended Original Answer, filed by Ricky Lee and Lee Towing (a/k/a Lee Towing Company, in the record), as well as an affidavit of Ricky Lee and an affidavit filed by Lee Towing Company, were filed on January 18, 1982, although the learned trial judge had properly, and with adequate notice, set the hearing on the Plaintiff's Motion for Summary Judgment on January 20. Even though the Defendants' First Amended Original Answer, with the affidavits, are in the transcript, we cannot assume that the able district judge allowed them to be filed or considered, contrary to *Rule 166–A(c), Tex.R.Civ.P.* These defensive materials were filed two (2) days before the date of hearing. *Rule 166–A(c)* requires the adverse party to file "opposing affidavits and other written response" not later than seven days prior to the date of hearing. The record demonstrates compellingly that the judge did not consider them; nor did the defendants obtain leave of court for late filing.

The only proper summary judgment evidence before us consists of the original pleadings of the parties, the motion for summary judgment and one affidavit of

J.R. McCormick, and an affidavit of his attorney of record for a reasonable attorney's fee.

The pleadings and summary judgment proof, relied on by J.R. McCormick, are in conflict and are mutually contradictory, creating substantial, substantive and material issues or questions of fact as to a severable cause of action of plaintiff based on invoice No. 4380 in the sum of $2,049.86. After a careful examination of the same (the cause of action based on invoice No. 4380), we find that the requirements of *Rules 166–A* and *185, Tex.R.Civ.P.* are not met.

In this appeal, we recognize the heavy, horrendous burden placed upon the movant, even after the latest amendments to *Rule 166–A, Tex.R.Civ.P.,* and after the case of *The City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676–679 (Tex. 1979), wherein the Supreme Court reiterated its prior holdings, saying:

> "The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (At 678.)

■ Although it is conceded that pleadings do not constitute summary judgment proof in the affirmative, probative sense, they do serve the purpose of joining the issues and expressly pointing out to the trial judge the material facts alleged to be in genuine issue and genuine dispute. See *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540 (Tex.1971).

We have an abbreviated, skeletal record with no statement of facts. The following is precisely what the attorney for the plaintiff actually verified as being within the attorney's knowledge. Paragraph III of Plaintiff's Original Petition states:

> "Heretofore said RICKY LEE contracted with STANLEY ARDOIN, d/b/a ARDOIN AND ARDOIN for the construction of a new home; STANLEY ARDOIN, d/b/a ARDOIN AND ARDOIN *contracted* with Plaintiff for labor and certain materials thereafter, on or about April 20, 1981, as shown on the copy of

Plaintiff's statement attached hereto as Exhibit 'A' and incorporated herein by reference for all purposes. At the *special instance and request of the Defendant, STANLEY ARDOIN* d/b/a ARDOIN AND ARDOIN, Plaintiff furnished labor and materials as set forth in Exhibit 'A' and in consideration of such sale and delivery *STANLEY ARDOIN,* d/b/a ARDOIN AND ARDOIN *promised* to pay Plaintiff the money charged for such labor and materials in the total amount of $3,130.86, as set forth in Exhibit 'A'." (Emphasis added.)

Exhibit "A" consists of invoice No. 4380, dated April 20, 1981, and invoice No. 4733, dated June 1, 1981. *Rule 185, Tex.R.Civ.P.* provides, inter alia, in pertinent part, for an action for liquidated money demand to be based on a written contract or founded on business dealings between the parties. On the plaintiff's invoice No. 4380, dated April 20, 1981, the customer's, or buyer's, or purchaser's name is set out as Ardoin and Ardoin. There exists on the said invoice (being plaintiff's invoice No. 4380) no writing or entry to the realistic effect that either Ricky Lee or the Lee Towing Company is a purchaser of the subject matter of invoice No. 4380. It is true that there is some writing on said invoice No. 4380, referring to the "Ricky Lee job", but that is for locative purposes only and, even with reasonable intendments, the entry does not imply any contractual relationship between Ricky Lee and J.R. McCormick, d/b/a Dixie Glass, or "business dealings between the parties". The plaintiff, through his attorney, verified that Ardoin promised to pay him the money charged for such labor and materials on invoice No. 4380, alleged to be in the sum of $2,049.86. Further, the plaintiff's attorney, under oath, verified that all such labor and materials were received and accepted by Ardoin.

J.R. McCormick, d/b/a Dixie Glass, alleged in his verified original petition that he, McCormick, contracted with Stanley Ardoin, d/b/a Ardoin and Ardoin, for the labor and materials involved in this suit in the form of a sworn account. In view of

the sworn pleadings of the plaintiff, and in view of invoice No. 4380 of Exhibit "A", the plaintiff's own inescapable position is that Ricky Lee was "a stranger to the contract" (insofar as invoice No. 4380 is concerned) as that doctrine has been established. Also, in his affidavit for mechanic's and material-man's lien, plaintiff, himself, verifies that his contract was with Ardoin. Construed in the light most favorable to plaintiff, he has, in effect, in his live pleadings, pleaded in the alternative; and, plaintiff swore un-equivocally that only "part of Plaintiff's claim" was contracted directly with Ricky Lee and Lee Towing.

The plaintiff does not take the position that either Ricky Lee or the Lee Towing Company are unequivocally liable to him for *all* of the plaintiff's claim but is merely suing them for the account as reflected on his own Exhibit "A". As stated above, on the Exhibit "A", the first invoice No. 4380 affirmatively shows that there is no privity of contract, or contract, or contact between the plaintiff and either Ricky Lee or Lee Towing Company.

■ *Rule 185* is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie case or right to recover and is not the basis for any cause of action. *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860 (Tex.1979); *Meaders v. Biskamp,* 159 Tex. 79, 316 S.W.2d 75 (1958); *Biscamp v. Zeno Carpet Co.,* 473 S.W.2d 218, 220 (Tex.Civ.App.—Beaumont 1971, no writ).

■ The crucial question is: whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as *to one* or more of the essential elements of the plaintiff's cause of action. The general rule is that a motion for summary judgment is a harsh remedy and should be strictly construed against the movant. *Rosemont Enterprises, Inc. v. Lummis,* 596 S.W.2d 916 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

■ The movant must establish his en-titlement to a summary judgment on the

issues properly presented to the trial court by conclusively proving all of the essential elements of his cause of action as a matter of law. Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply, by default, the summary judgment proof necessary to establish the movant's right. The non-movant needs no answer or re-sponse to the motion to contend on appeal that the movant's motion and summary judgment proofs are insufficient as a mat-ter of law to support the summary judg-ment. See *The City of Houston v. Clear Creek Basin Authority,* supra. See also *McDaniel v. Wallace,* No. 09–82–031 CV, 647 S.W.2d 30 (Tex.App.—Beaumont, 1982).

■ Ricky Lee and Lee Towing say that each is a stranger to the transaction as may be done as an alternative defense under the case of *Rizk v. Financial Guardian Insur-ance Agency, Inc.,* supra. See also *2 R. McDonald, Texas Civil Practice § 7.31* (1982). There are, certainly, in this record, material unresolved issues of fact preclud-ing a summary judgment as to the first invoice No. 4380 concerning for whose account the materials were ordered and the labor performed. Hence, we think each appellant was a third party or stranger to the transaction involving invoice No. 4380. It is well settled that the rule making a verified account prima facie evidence unless a written denial, under oath, is filed does not apply to, or cover, transactions between third parties or parties who were strangers to the transaction. *1 Tex.Jur.3d 191, Accounts and Accounting § 71* (1979); *Eng v. Wheeler,* 302 S.W.2d 263 (Tex.Civ.App.—San Antonio 1957, writ dism'd). See *Aztec Pipe & Supply Co. v. Sundance Oil Co.,* 568 S.W.2d 401, 403 (Tex.Civ.App.—Houston [1st Dist.] ), writ ref'd n.r.e. per curiam, 576 S.W.2d 780 (Tex.1978).

As to this first invoice, J.R. McCormick has not demonstrated that he is entitled to judgment as a matter of law; he has shown and proved the opposite.

In a strong per curiam opinion, the Su-preme Court of Texas, in *Sundance Oil Co.*

*v. Aztec Pipe & Supply Co., Inc.,* supra, held that a general denial was sufficient to deny a sworn account and permit the defendant to controvert or disprove the same where the invoice or "joint interest statement" on which the plaintiff relied contained one defendant's name as well as that of another company; the invoice, itself, creating a fact question as to whether a defendant was a party to the transaction, the evidence from the face of the plaintiff's own invoices being not clear but ambiguous; and, therefore, the sworn account was not prima facie proof of the debt, *Rule 185.* Our case is much stronger in that plaintiff's own invoice No. 4380 is *not* ambiguous but clearly and unequivocally proves each appellant was a stranger to invoice No. 4380. Hence, the efficacy of No. 4380 as prima facie proof totally failed.

Upon sworn account, under *Rule 185,* and with no depositions or statement of fact in the record, we are governed and constrained by the rule that the sworn account practice, under *Rule 185,* has been appropriately classified as a rule of evidence, and it is not the basis of *any cause of action. Biscamp v. Zeno Carpet Co.,* supra. Plaintiff's pleadings being contradictory and his invoice proof, No. 4380, being totally against him; therefore, under *Rule 185,* plaintiff had remaining no prima facie proof as to No. 4380. The defendants' general denial put in issue all matters not required to be specially pleaded—including plaintiff's right to recover. *Biscamp v. Zeno Carpet Co.,* supra.

The judgment of the trial court, below, is incorrect insofar as invoice No. 4380 is concerned and upon which plaintiff relies because it does not contain *either* the name of Ricky Lee or Lee Towing Company. In the case of *Sundance Oil Company v. Aztec Pipe & Supply Co., Inc.,* supra, an unanimous Supreme Court held the invoice

"upon which the petitioner relies contains not only the name of Aztec Pipe and Supply Company, but also the name of another company, Dynamic Exploration, thus raising a fact question as to which company actually is indebted to the peti-

tioner. There being a fact question as to whether the defendant was a party to the transaction evident from the face of the plaintiff's own invoices, the sworn account is not considered as prima facie proof of the debt. Therefore, a sworn denial is not required in order for the respondent to controvert or disprove the account. *Eng v. Wheeler,* 302 S.W.2d [263] (Tex.Civ.App.—San Antonio 1957, writ dism'd); and *Boysen v. Security Lumber, Inc.,* 531 S.W.2d 454 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ)."

The record in our case is even stronger since neither the name of Ricky Lee nor the name of Lee Towing is on invoice 4380.

There is certainly a substantial and substantive fact question in our case since the square holding in *Sundance Oil Company,* supra, is that where an invoice on which plaintiff relied contains one defendant's name as well as that of another company, then there was a fact question as to whether or not the sued defendant was a party to the transaction evident from the face of the plaintiff's own invoice; and, therefore, the alleged sworn account was not considered prima facie proof of the debt.

The court, in *Sundance Oil Co. v. Aztec Pipe & Supply Co., Inc.,* supra, reasoned that a sworn denial was not required to controvert, or disprove, an account where one of the defendants was a *possible stranger to the transaction.*

In our case, concerning invoice No. 4380, dated April 20, 1981, the plaintiff, J.R. McCormick, d/b/a Dixie Glass, verified that Ardoin and Ardoin was the only other party to the transaction. The Supreme Court, in *Sundance Oil Co.,* supra, cited, with approval, *Eng v. Wheeler,* supra, and *Boysen v. Security Lumber, Inc.,* supra. *Eng v. Wheeler,* supra, 302 S.W.2d at 265, holds with clear, compelling and decisive language:

"Rule 185, Texas Rules of Civil Procedure (formerly Article 3736, Vernon's Ann. Tex.Stats.) does not apply to nor cover transactions between third parties, or parties who are strangers to the transac-

tion. Such accounts, though verified, are hearsay as to such parties, and in such case the stranger may controvert and disprove the account, although he does not file a written denial under oath. *McCamant v. Batsell,* 59 Tex. 363; *Duree v. Aetna Insurance Co.,* Tex.Civ.App., 66 S.W.2d 764. Appellee, being a stranger to the transaction between appellant and the policyholders, could not be expected to have personal knowledge thereof. Hence, as said by Judge Stayton, in *McCamant v. Batsell,* supra:

'It is not believed that a debt which is not the result of a transaction between the parties to it, and in reference to which they have equal means of knowledge, but which is the result of a transaction between one of them and some other person, can constitute such an account as the statute contemplates may be proved by the affidavit of a plaintiff, or as a defendant will be compelled to deny in whole or in part under oath, before he will be permitted to introduce evidence to disprove a prima facie case which the statute contemplates may be made by the affidavit.

\*   \*   \*   \*   \*   \*

'The law does not permit, much less encourage, guesswork in swearing; \* \* \*.' "

It is a well established rule that, even under *Rule 185,* a verified account is not prima facie evidence, even in the absence of a written denial under oath, as to transactions between the plaintiff and third parties, or plaintiff and parties who were strangers to the original transaction. *McCamant v. Batsell,* supra; *Hassler v. Texas Gypsum Co., Inc.,* 525 S.W.2d 53 (Tex.Civ.App.—Dallas 1975, no writ). This exception—known as the "strangers to the transaction rule"—is especially cogent and compelling where the plaintiff's own pleadings, *or invoices,* or other evidence, exhibited as a basis of the obligation, showed and proved affirmatively and positively the defendants were not a party to the original transaction. See *Boysen v. Security Lumber Company, Inc.,* supra, and especially the cases cited and collected therein on page 456 of 531 S.W.2d.

*Starlight Supply Co. v. Feris,* 462 S.W.2d 608 (Tex.Civ.App.—Austin 1970, no writ) correctly states the rule as follows:

"The rule which makes a verified account prima facie evidence unless a written denial under oath in conformity with Rule 185 is filed does not apply to or cover transactions between third parties who are strangers to the transaction. *Copeland v. Hunt,* 434 S.W.2d 156 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n.r. e.). Also see this Court's opinion in *Nichols v. Acers Co.,* 415 S.W.2d 683 (Tex.Civ. App.1967, writ ref'd n.r.e.).

"It matters not that Appellant has pleaded that Appellee owes the account. As stated in *Copeland,* above, where an obligation alleged in the pleading does not conform to the writing exhibited as a basis thereof, *the document rather than the pleading controls.*" (Emphasis added.)

Indeed, an exhibit may destroy as well as support, *2 McDonald, Texas Civil Practice § 5.17.3,* at p. 42 (1982). See *Beham v. Ghio,* 75 Tex. 87, 12 S.W. 996 (1889); *Longley v. Caruthers,* 64 Tex. 287 (1885); *Pyron v. Grinder,* 25 Tex.Supp. 160 (1860).

The reasoning and holding in the case of *Hassler v. Texas Gypsum Co., Inc.,* supra, 525 S.W.2d at 54, is:

"We hold that where an obligation alleged in the pleading does not conform to the writings attached as the basis thereof, the attached writings rather than the pleading controls. *Starlight Supply Co. v. Feris,* 462 S.W.2d 608, 609 (Tex.Civ. App.—Austin 1970, no writ); *Copeland v. Hunt,* 434 S.W.2d 156, 158 (Tex.Civ.App. —Corpus Christi 1968, writ ref'd n.r.e.).

"We, therefore, conclude that defendant was not a party to the open account transaction; hence, Tex.R.Civ.P. 185 does not establish a prima facie case against defendant." (Citations omitted)

Even in a situation where the defendant did not respond to the motion for summary judgment, he still has a valid contention on appeal that the movant's motion

is insufficient as a matter of law to support the summary judgment. See *Ramirez v. Bagley Produce Co.,* 614 S.W.2d 582, 584 (Tex.Civ.App.—Corpus Christi 1981, no writ).

In part, appellants' first point of error is sustained.

■ We reverse and remand as to invoice No. 4380, dated April 20, 1981, where the transaction was solely and only between the plaintiff and Ardoin and Ardoin. The amount of the invoice is $1,997.06, plus $52.80 tax, making a total of $2,049.86.

■ However, in our opinion, the situation is entirely different concerning the second invoice No. 4733, dated June 1, 1981, made, according to the record, between the plaintiff herein, J.R. McCormick, d/b/a Dixie Glass Company and Lee Towing Company. Lee Towing was not a stranger or a third party to this transaction. This second invoice, No. 4733, is in the total amount of $1,081.00. Concerning invoice No. 4733, we find that it is the uncontroverted record that McCormick's "Plaintiff's Motion for Summary Judgment" was filed on December 1, 1981, and was thereafter immediately set for hearing on the following January 20, 1981 (sic) (which is obviously a clerical error commonly made at the end of the year). The certificate of service shows that the Motion for Summary Judgment and attached affidavits and the notice of the hearing were mailed to the attorney of record for Lee Towing by certified mail, return receipt requested, on December 1, 1981, in compliance with *Rule 72, Tex.R.Civ.P.* and *Rule 166–A, Tex.R.Civ.P.* However, Lee Towing did not file its First Amended Original Answer until January 18, 1982; nor did Lee Towing file its affidavit until January 18, 1982, both being filed within the prohibited seven (7) days before the hearing scheduled and noticed for January 20th. There is a docket entry, dated January 20, 1982, as follows:

"Plaintiffs appeared on motion for summary judgment; defendants failed to respond or appear; summary judgment to be prepared."

The said docket entry is apparently in the handwriting of the district judge. The docket sheet clearly and conclusively shows that the First Amended Original Answer and affidavit of Lee Towing Company were not filed with leave of court, as allowed by *Rule 166–A, Tex.R.Civ.P. Rule 166–A(c) Summary Judgment* provides in pertinent part:

"Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

It is abundantly clear, we think, from the whole record, that Lee Towing Company did not have the necessary leave of court and, moreover, did not appear, respond or urge to the district judge any of its defensive affidavits or other written response. Further, the record shows, and especially the docket entry above referred to, that the pleadings and affidavit of Lee Towing Company were not filed "with permission of the court" as is provided for in *Rule 166–A(c)* in certain procedural situations.

The record shows clearly that appellants had adequate and timely notice of the hearing. Appellants do not complain of any inadequacy of notice of the hearing. The appellants' First Amended Original Answer was not filed timely. Section (c) of *Rule 166–A* was effective January 1, 1978. Even though this third sentence of subdivision (c) of *Rule 166–A* had been in full force and effect since January 1, *1978,* the appellants attempted to file their Defendants' First Amended Original Answer without leave of court in direct controvention to *Rule 166–A(c).* Hence, the Defendants' First Amended Original Answer and affidavit came too late insofar as invoice No. 4733 is concerned; because, in that invoice and transaction, Lee Towing Company was not a stranger to the transaction or a third party to the transaction, but was a direct and primary contracting party with J.R. McCormick, d/b/a Dixie Glass Company.

And, indeed, if the invoice No. 4733 is very carefully examined, it is clearly shown and proved that the mirrors involved, and

their installation, were received by Ricky Lee.

Appellee states several places in his brief, unequivocally, that the trial court did not consider the late filed First Amended Original Answer, or the accompanying defensive affidavits, as the trial court had every right so to do. This unequivocal statement in appellee's brief is totally unchallenged by the appellants.

Further, the appellee correctly states that a summary judgment proceeding is a "trial" within the meaning of *Rule 63, Tex.R.Civ.P.* Hence, appellants' amended pleadings were late under *Rule 63.* See *Jones v. Houston Material Company,* 477 S.W.2d 694 (Tex. Civ.App.—Houston [14th Dist.] 1972, no writ).

The trial docket sheet shows that the appellants "failed to respond or appear". Additionally, the judgment granting the Summary Judgment recites that the appellants "made no response to the Plaintiff's Motion for Summary Judgment". Finally, the civil docket sheet indicates that "default judgment" was signed and granted. Therefore, the record before us sufficiently and, indeed, compellingly, indicates that the trial court did not consider the late filed answer or affidavits of appellants at the hearing.

We think the trial judge was correct in awarding an attorney's fee in the reasonable sum of $750.00. The plaintiff has been successful on a part of his cause of action and the amount, or the reasonableness of the attorney's fee, is not controvened by any timely filed, competent, affidavit or summary judgment proof.

In part, appellants' first point of error is overruled.

Therefore, we affirm that part of the judgment for money damages to the extent of $1,081.00, plus $750.00 as a reasonable attorney's fee, and interest on the total, being $1,831.00, at the rate of 9% per annum from the date of the original judgment, being January 25, 1982, until paid. We reverse and remand that severable part of the cause of action as evidenced by in-voice No. 4380, in the total amount of $2,049.86 for further proceedings not inconsistent with this opinion.

The costs of this appeal are taxed one-half (½) to the plaintiff and one-half (½) to the defendants.

We also mandate that the judgment, in the amount of $1,081.00 and the reasonable attorney's fee of $750.00, with post judgment interest, at 9% per annum, is cast against Lee Towing, Lee Towing Company and Ricky Lee, individually; because, although invoice No. 4733 is made out to Lee Towing Company, the materials therein were acknowledged to have been received by Ricky Lee and he was not a stranger to that transaction or a third party to that transaction.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.